# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JAMES W. THURMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-CV-43-HSM-CHS |
| JARED PRICE, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of civil rights pursuant to 42 U.S.C. § 1983. On March 24, 2017, the Court entered an Order screening Plaintiff's original complaint, and found that Plaintiff's "complaint warrants a dismissal for failure to state a claim," but allowed Plaintiff to amend his complaint to correct the deficiencies noted in the Court's Order [Doc. 3 p. 3]. The Court then granted Plaintiff leave to file an amended complaint within twenty (20) days from the date of entry of the Court's Order [*Id.* at 4]. Plaintiff subsequently filed three letters alleging the further involvement of Defendant Price [Docs. 4, 5, 6].

Plaintiff's amended complaint must also be screened to determine whether it states a claim entitling Plaintiff to relief, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons discussed below, Plaintiff's complaint will be **DISMISSED** *sua sponte*.

## I. BACKGROUND

In his original complaint, Plaintiff claims that Defendant Jared Price, who is employed at the McMinn County Jail, reported that Plaintiff had been selling narcotics from his home [Doc. 2

p. 3]. Next, in Plaintiff's first supplement to his complaint, he alleges that Defendant Price "told the Court could infer that [Plaintiff] was charged with [possession] of a controlled substance" [Doc. 4 p. 1]. Plaintiff claims that Defendant Price lied to the Court, and attaches a booking sheet showing that a drug possession charge was dismissed on June 27, 2003 [Doc. 5 p. 2]. Lastly, Plaintiff filed an annotated version of the Court's previous Order, noting that Defendant Price lied to the Court based on the Court's statement that "Plaintiff was charged with a controlled substance offense, principally based on Defendant Jared Price's report that Plaintiff was distributing narcotics from his home" [Doc. 6 p. 1]. Plaintiff requests that Defendant Price be ordered to pay "for all the court and attorney fee[s]" [Doc. 2 p. 4], and that Defendant Price is removed from his position [Doc. 4 p. 2].

## II. ANALYSIS

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

As the Court noted in its previous Order, Plaintiff's complaint must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are unnecessary, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* A plaintiff must do more that supply "'naked assertion[s]' devoid of 'further factual

enhancement'" or "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

In the supplements filed to his complaint, Plaintiff has failed to amend his claim to correct the deficiencies noted by the Court. Specifically, Plaintiff has failed to provide "information as to when or to whom Defendant reported Plaintiff's selling of narcotics; as to the circumstances surrounding Defendant's report of illicit narcotics trafficking; as to whether the report of drug selling was false and, if so, as to the motivation behind the false report; as to any ensuing criminal prosecution; and, if there was such a prosecution, as to the outcome of those proceedings" [Doc. 3 p. 3]. Ultimately, the factual allegations in Plaintiff's complaint amount to "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

Pro se litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak,* 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975)); *Payne v. Sec'y of Treas.,* 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

Accordingly, Plaintiff has failed to amend his complaint to allege sufficient factual allegations that would permit the Court to plausibly conclude that Defendant Price violated Plaintiff's constitutional rights. Therefore, Plaintiff's complaint is subject to dismissal in its

entirety for failure to state a claim on which relief can be granted under § 1983. *See* 28 U.S.C. §§ 1915(e) and 1915A.

## III. CONCLUSION

Although this Court is mindful that a pro se complaint is to be liberally construed, *Haines v Kerner*, 404 U.S. 519, 510–21 (1972), it is quite clear that Plaintiff has not alleged the deprivation of any constitutionally protected right, privilege, or immunity, and therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff's complaint and the present action will be **DISMISSED** *sua sponte* for failure to state a viable claim under 42 U.S.C. § 1983. Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE